KIRBY AISNER & CURLEY, LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Erica R. Aisner, Esq.
eaisner@kacllp.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

SOUNDVIEW PREPARATORY SCHOOL,          Chapter 11
                                             Case No. 20-22948(RDD)

                              Debtor.
------------------------------------------------------X

## LIQUIDATING SMALL BUSINESS
## SUBCHAPTER V CHAPTER 11 PLAN

       Soundview Preparatory School hereby proposes the following Chapter 11 Plan of Liquidation pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code.

## BACKGROUND

       The Debtor is a New York not-for-profit education corporation duly incorporated under the laws of the State of New York and issued an absolute charter by action of the Board of Regents. For over thirty years the Debtor operated a small private school serving students from sixth through twelfth grade from its campus located at 370 Underhill Avenue, Yorktown Heights, NY 10598. In January of 2020 the Debtor ceased operating due to declining enrollment and cash flow shortages.

## ARTICLE I
## DEFINITIONS

       For the purposes of this Plan, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

1.1     *"Administrative Claims"* shall mean all costs and expenses of administration of the Chapter 11 Case Allowed under §§ 503(b) or 330(a) of the Bankruptcy Code and that are entitled to priority under §507(a)(2), which may include Claims Allowed pursuant to §506(c) of the Bankruptcy Code.

1.2     *"Administrative Professional Fee Claim"* shall mean any Administrative Claim of a Professional subject to allowance under §330 of the Bankruptcy Code or an order of the Bankruptcy Court.

1.3     *"Allowed"* shall mean that portion of a Claim that, (i) has been timely filed with the Bankruptcy Court and is liquidated in amount and has not been objected to; (ii) has been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court.

1.4     *"Annuity Claim"* shall mean the Allowed Claim of Mary Ivanyi, a former administrator of the Debtor for fixed payments which were agreed to upon her separation from the Debtor, for a period of years, pursuant to a formal written agreement.

1.5     *"Avoidance Actions"* shall mean any cause of action assertable under sections 510, 542, 543, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code or non-bankruptcy law.

1.6     *"Ballot"* shall mean the form transmitted with the Plan and Disclosure Statement to those entitled to vote on the Plan, on which they may vote to accept or reject the Plan pursuant to Bankruptcy Rule 3018 and §1126 of the Bankruptcy Code.

1.7     *"Bankruptcy Code"* shall mean title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. in effect for this case.

1.8     *"Bankruptcy Court"* shall mean the United States Bankruptcy Court for the Southern District of New York, White Plains Division.

1.9     *"Bankruptcy Rule(s)"* shall mean the Federal Rules of Bankruptcy Procedure as applicable to a case under the Bankruptcy Code and the Local Rules of the Bankruptcy Court, together with all amendments and modifications made from time to time thereto in effect for this case.

1.10     *"BOA"* shall refer to Bank of America, NA, the lender holding a mortgage against the Debtor's Property.

1.11     *"Cash"* shall mean legal tender of the United States of America or cash equivalents.

1.12     *"Chapter 11 Case"* shall mean the Chapter 11 proceeding pending in the Southern District of New York captioned, *In re Soundview Preparatory School,* Case No.

20-22948(RDD).

1.13    *"Claim"* is defined in §101(5) of the Bankruptcy Code, and shall include, without limitation, any claims of whatsoever type or description against the Debtor, any claim for pre-petition interest, post-petition interest or contingent interest, any claim against the Debtor arising out of the rejection of executory contracts, any claim against the Debtor arising from the recovery of property under §§ 550 or 553 of the Bankruptcy Code and any claim against the Debtor that does not arise until after the commencement of the chapter 11 case for a tax entitled to priority under §507(a) of the Bankruptcy Code.

1.14    *"Class"* shall mean a class of holders of Claims described in Article III of this Plan.

1.15    *"Closing"* shall mean the date upon which the Sale is completed.

1.16    *"Confirmation Date"* shall mean the date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.17    *"Confirmation Order"* shall mean the order of the Bankruptcy Court pursuant to §1129 of the Bankruptcy Code confirming the Plan.

1.18    *"Contract of Sale"* shall mean the agreement between the Debtor and the Purchaser providing for the sale of the Property, dated May 22, 2020 and subsequently amended pursuant to a written Amendment, dated August 11, 2020.

1.19    *"Debtor"* shall mean Soundview Preparatory School.

1.20    *"Disbursing Agent"* shall mean Kirby Aisner & Curley, LLP, who shall act in such capacity in order to effectuate the payment of distributions under the Plan.

1.21    *"Disclosure Statement"* shall mean the Disclosure Statement filed simultaneously with this Chapter 11 Plan of Liquidation by the Debtor in this Chapter 11 Case.

1.22    *"Disputed"* shall mean a Claim, or any portion of a Claim, that is not Allowed.

1.23    *"Distribution Account"* shall mean a separate interest bearing account in which all Cash received for purposes of distribution under the Plan shall be deposited in accordance with §345 of the Bankruptcy Code opened by the Disbursing Agent for the express purpose of making distributions under the Plan.

1.24    *"Effective Date"* shall mean the date upon which the Confirmation Order becomes a Final Order.

1.25    *"Estate"* shall mean the estate of the Debtor created by the Chapter 11 Case pursuant to Bankruptcy Code section 541.

1.26    *"Final Order"* shall mean an order or judgment which has not been stayed and as to which order or judgment the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for review or rehearing is pending.

1.27    *"Impaired"* shall mean any Claim of class of Claims that is impaired within the meaning of section 1124 of the Bankruptcy Code.

1.28    *"Insider"* shall have the meaning ascribed to it in Section 101(31)(B) of the Bankruptcy Code.

1.29    *"Net Sale Proceeds"* shall mean the monies from the sale of the Property after all costs and expenses related to the sale are deducted.

1.30    *"Non-Tax Priority Claim"* shall mean any Claim against the Debtor to the extent entitled to priority in payment under §507(a)(4)-(6) of the Bankruptcy Code.

1.31    *"Persons"* shall mean persons or entities, including governmental units.

1.32    *"Petition Date"* shall mean August 19, 2020.

1.33    *"Plan"* shall mean this Liquidating Chapter 11 Plan and any amendments hereto or modifications hereof made in accordance with the provisions of the Bankruptcy Code.

1.34    *"Plan Distribution Date"* shall mean the date upon which there are sufficient monies in the Plan Distribution Fund to commence payment to creditors under the Plan, which shall be as soon as practicable after Closing.

1.35    *"Plan Distribution Fund"* shall mean the aggregate of the Debtor's Cash on hand, proceeds from the sale of de minimus personalty and the Net Sale Proceeds.

1.36    *"Post Confirmation Date Reserve"* shall mean a fund reserved from the Net Sale Proceeds in the amount of $5,000 to be used for the payment of Professional fees and expenses for post-Confirmation services rendered by the Professionals in accordance with this Plan.

1.37    *"Priority Claim"* shall mean a Claim, other than an Administrative Claim, that is entitled to priority under §507 of the Bankruptcy Code.

1.38    *"Priority Tax Claim"* shall mean a Claim against the Debtor to the extent entitled to priority in payment under §507(a)(8) of the Bankruptcy Code.

1.39    *"Professionals"* shall mean those persons or entities: (a) retained by the

Debtor pursuant to an order of the Bankruptcy Court in accordance with §§ 327 or 1103 of the Bankruptcy Code entitled to compensation for services rendered prior to the Effective Date pursuant to §§ 327, 328, 329, 330 and 331 of the Bankruptcy Code; or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to § 503(b)(2) and (4) of the Bankruptcy Code.

1.40    *"Property"* shall mean the Debtor's real property located at 370 Underhill Avenue, Yorktown Heights, New York (Tax ID: 48.06-1-30) which shall be sold to Purchaser pursuant to the Contract of Sale and this Plan.

1.41    *"Pro Rata"* shall mean proportionally according to the total amount of Allowed Claims in a particular Class.

1.42    *"Purchaser"* shall mean Unicorn Contracting Corp.

1.43    *"Sale"* shall mean the sale of the Property to the Purchaser pursuant to this Plan.

1.44    *"Secured Claim"* shall mean a Claim that is secured by a lien on property of the Debtor's estate in accordance with §506(a) of the Bankruptcy Code.

1.45    *"Schedules"* shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by §521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments thereto.

1.46    *"Unimpaired"* shall mean, with respect to any Class, that such Class is not Impaired.

1.47    *"Unsecured Claim"* shall mean any Claim that is not an Administrative Claim, Priority Claim or Secured Claim, including, without limitation, Claims based upon pre-petition trade accounts payable or Claims based upon the rejection of an executory contract during the pendency of the Chapter 11 Case.

## ARTICLE II
## DESIGNATION OF CLAIMS

All Claims, as defined herein and in §101(5) of the Bankruptcy Code against the

Debtor, of whatever nature, whether or not scheduled or liquidated, absolute or

contingent, whether resulting in an Allowed Claim or not, shall be bound by the

provisions of the Plan and are hereby classified as follows:

2.1    <u>Classification of Claims</u>. Section 2.2 sets forth the designation of the

Classes of Claims. A Claim is classified in a particular Class for voting and distribution

purposes only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class or Classes to the extent any remainder of the Claim qualifies within the description of that different Class or Classes. Unless otherwise provided, to the extent a Claim qualifies for inclusion in a more specifically defined Class than a more generally defined Class, it shall be included in the more specifically defined Class. Each of the following sections of this Article II provides explanations of the different Claim classifications. Administrative Expense Claims, Administrative Professional Fee Claims, and Priority Tax Claims have not been classified and are excluded from the Classes set forth in Section 3.1 in accordance with §1123(a)(1) of the Bankruptcy Code.

2.2    Classes. For purposes of the Plan, those persons holding Claims against the Debtor are grouped in accordance with §1122 of the Bankruptcy Code as follows:

Class 1: shall consist of the Allowed Secured Claim of BOA.

Class 2: shall consist of all Allowed Non-Tax Priority Claims.

Class 3: shall consist of all Allowed General Unsecured Claims.

Class 4: shall consist of the Allowed Annuity Claims of Former Insiders.

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

3.1    Unclassified Claims.

(a)    Allowed Administrative Claims other than Administrative Professional Fee Claims:  These Allowed Claims shall be paid in the ordinary course and according to the terms and conditions of the respective contracts with respect to such Claim or on the Plan Distribution Date, as the Debtor's Cash allows.

(b)    Allowed Administrative Professional Fee Claims: Allowed Administrative

Professional Fee Claims shall be paid in full, in Cash, upon the later to occur of, (i) entry of an Order of the Bankruptcy Court allowing the Professional fees, and (ii) the Plan Distribution Date.

(c)    Allowed Priority Tax Claims:  Allowed Priority Tax Claims pursuant to Section 507(a)(8) of the Bankruptcy Code, shall be paid in full, in Cash, on the Plan Distribution Date.

3.2    Classified Claims:

(a)    Class 1:  BOA shall receive payment in full of its Allowed Secured Claim at Closing (which may occur prior to Confirmation). Upon full payment on the Allowed Class 1 Claim, BOA shall release its lien as against all property of the Debtor. Class 1 is impaired pursuant to Section 1124 of the Bankruptcy Code.

(b)    Class 2:  Holders of Allowed Class 2 Claims shall receive payment in full from the Plan Distribution Fund on the Plan Distribution Date.  Class 2 Allowed Priority Claims are unimpaired pursuant to Section 1124 of the Bankruptcy Code.

(c)    Class 3:  Holders of Allowed Class 3 General Unsecured Claims shall receive a distribution, Pro Rata, up to 100% of their Allowed Claim, on the Plan Distribution Date, from the Plan Distribution Fund, after distribution to all Unclassified Claims, Class 1 and 2 Claims, and funding of the Post-Confirmation Reserve. Class 3 Claims are impaired pursuant to Section 1124 of the Bankruptcy Code.

(d)    Class 4: Holders of Allowed Class 4 Annuity Claims of former Insiders shall receive a distribution, Pro Rata, up to 100% of their Allowed Claim, on the Plan Distribution Date, from the Plan Distribution Fund, after distribution to all Unclassified

Claims, Class 1, 2 and 3 Claims, and funding of the Post-Confirmation Reserve. Class 4 Claims are impaired pursuant to Section 1124 of the Bankruptcy Code.

3.3 <u>Acceptance by Impaired Classes of Claims</u>: Classes 1, 3 and 4 shall have accepted the Plan if (i) the holders (other than any holder designated under §1126I of the Bankruptcy Code) of at least two-third in amount of the Allowed Claims actually voting in such Class have voted to accept the Plan and (ii) more than one-half in number of the holders (other than any holder designated under §1126I of the Bankruptcy Code) of such Allowed Claims actually voting in such Class have voted to accept the Plan.

3.4 <u>Presumed Acceptance of the Plan</u>. Class 2 is unimpaired under the Plan, and, therefore, are deemed to accept the Plan under §1126(f) of the Bankruptcy Code.

**ARTICLE IV**
**MEANS FOR EXECUTION**

4.1 <u>Plan Funding</u>. The Plan shall be funded from three sources: (i) the Net Sale Proceeds, (ii) Cash on hand, and (iii) proceeds from the sale of the Debtor's de minimus personalty.

4.2 <u>Distribution of Cash</u>. Except as otherwise provided in the Plan, including without limitation Article VIII of this Plan, the Cash required to be distributed to holders of Allowed Claims under the Plan shall be distributed by the Disbursing Agent on or about the Plan Distribution Date, except that to the extent that a Claim becomes an Allowed Claim after the Plan Distribution Date, in which case distribution shall be made within ten (10) days after the order allowing such Claim becomes a Final Order.

Any property or notice which a person or entity is or becomes entitled to receive pursuant to the Plan shall be delivered by regular mail, postage prepaid, in an envelope addressed to that person or entity at the address indicated on a properly filed proof of

Claim or, absent such a proof of Claim, the address that is listed for that person or entity on the Schedules; provided that any person or entity entitled to a distribution may notify the Disbursing Agent in writing of its change of address, which address shall become the address for the Disbursing Agent to mail further distributions, if any. The Distribution Date shall be the date of mailing, and the property distributed in accordance with this Section shall be deemed delivered to such person or entity regardless of whether such property is actually received by that person or entity.

Any other provision of the Plan to the contrary notwithstanding, no payments of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding such faction to the nearest whole cent (up or down).

5.1 Unclaimed Funds. Except as otherwise provided herein, in the event any claimant fails to Claim any distribution within one hundred twenty (120) days from the date of such distribution, such claimant shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such Cash was distributed shall be treated as a disallowed Claim. In the event that the unclaimed Cash balance is in excess of $5,000, it shall be deposited into the Plan Distribution Fund for redistribution pursuant to Article III. In the event that the unclaimed Cash balance is less than $5,000, it shall be donated to San Miguel Academy of Newburgh.

**ARTICLE V**
**SUBCHAPTER V PROVISIONS**

5.1 Liquidation Analysis. This Plan provides for a liquidation of the Debtor's assets and distribution of the proceeds to the creditors of the Debtor's estate. Following

the sale of the Property, the Debtor anticipates having approximately $510,000[1] in the

Plan Distribution Fund. Upon confirmation of the Plan, the Debtor anticipates the

following distribution:

| | |
|---|---|
| Allowed Professional Fees | $40,000.00 |
| Priority Tax Claims | $-0- |
| Distribution to Class 2 Claims (Estimated) | $65,600.00 |
| Distribution to Class 3 Claims (Estimated) | $353,350.00 |
| Distribution to Class 4 Claims (Estimated) | $45,000.00 |
| Professional Fee Reserve | $5,000.00 |

Given that all of the Debtor's assets shall be liquidated pursuant to this Plan and the

proceeds distributed to the creditors of the Debtor's estate, no creditor would receive any

greater recovery under a Chapter 7 liquidation that the distribution proposed herein.

## ARTICLE VI
## EXECUTORY CONTRACTS

6.1    Assumption of Executory Contracts. Any contract that is executory and

any unexpired leases to which the Debtor is a party and which has not been assumed or

rejected pursuant to the Bankruptcy Code during the pendency of this Chapter 11 Case,

shall be deemed rejected as of the Petition Date pursuant to §§365 and 1123 of the

Bankruptcy Code, except the employment contract with the Head of School, which shall

be assumed.

## ARTICLE VII
## GENERAL AND MISCELLANEOUS PROVISIONS

7.1    Modification of the Plan.  The Debtor reserves the right, in accordance

with §1127 of the Bankruptcy Code, to amend or modify the Plan with order of the

Bankruptcy Court as may be required.  After the Effective Date, the Debtor may, subject

---

[1] This amount consists of approximately $45,000 in remaining cash on hand and $465,000 in net sale proceeds which is after the payment of ordinary closing costs, the BOA Allowed Secured Claim, open water charges and expenses due to the Westchester County Industrial Development Agency.

to order of the Bankruptcy Court, and in accordance with §1127 of the Bankruptcy Court, remedy any defect or omission or reconcile any inconsistencies in the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

7.2     Article and Section References. Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

7.3     Payment Dates. If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or a legal holiday, the making of such payment or performance of such act may be completed on the next succeeding business day, and shall be deemed to have been completed timely.

7.4     Notices. Any notices to be forwarded under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid; or by overnight mail or hand delivery, addressed as follows:

**If to the Debtor:**

SOUNDVIEW PREPARATORY SCHOOL
P.O. Box 255
Jefferson Valley, NY 10535
Attn: Kelly Fairweather, Board Chair

with a copy to:

KIRBY AISNER & CURLEY LLP
700 Post Road, Suite 237
Scarsdale, New York 10583
Attn:   Erica R. Aisner, Esq.

The Debtor may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

7.5     Enforceability. Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

7.6     Applicable Law. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York, except to the extent that other provisions of Federal law are applicable.

7.7     Successors and Assigns. The rights and obligations of any entity named or referred to in the Plan shall be binding upon and inure to the benefit of the successors and assigns of such entity.

7.8     Reservation of Rights. Neither the filing of this Plan, nor any statement or provision contained herein, shall be or be deemed to be an admission against interest. In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of this chapter 11 case.

7.9     Post-Confirmation Reports. The Disbursing Agent shall be responsible for filing quarterly post-confirmation reports with the Bankruptcy Court, until the earlier of (a) conversion or dismissal of this chapter 11 case or (b) entry of a final decree closing this chapter 11 case.

7.10    Post-Confirmation Date Reserve.  The sum of $5,000 shall be reserved from the Plan Distribution Fund in order to fund post-Confirmation Date Professional Fees incurred by the Professionals and the Disbursing Agent in carrying out the terms of this Plan.  The Disbursing Agent shall be authorized to remit payment upon authorization from the Debtor or upon no asserted objection following ten (10) days following the presentment of an invoice.  Any funds remaining in the Post-Confirmation Reserve shall be treated as unclaimed Cash, and, as set forth in Section 4.3, in the event that the unclaimed Cash balance is in excess of $5,000, it shall be deposited into the Plan Distribution Fund for redistribution pursuant to Article III of the Plan.  In the event that the unclaimed Cash balance is less than $5,000, it shall be donated to San Miguel Academy of Newburgh.  In the event of an unresolved dispute, the Bankruptcy Court shall retain exclusive jurisdiction.

7.11    Withdrawal or Revocation of the Plan.  The Debtor reserves the right to revoke or withdraw the Plan prior to the Effective Date. If the Debtor revokes or withdraws the Plan, then the result shall be the same as if the Confirmation Order was not entered and the Effective Date did not occur.

7.12    Preservation of Insurance.  The discharge and release of the Debtor as provided in this Plan shall not diminish or impair the enforceability of any insurance policies that may cover Claims against the Debtor or other covered Persons.

7.13    Confirmation Order. The Confirmation Order shall ratify all transactions effected by the Debtor and its Board during the period commencing on the Petition Date and ending on the Confirmation Date except for any acts constituting willful misconduct or gross negligence or that are avoidance under §549 of the Bankruptcy Code.

7.14    Interpretation, Rules of Construction, Computation of Time, and Choice of

Law.

    7.14.1   The provisions of the Plan shall control over any descriptions thereof contained in the Disclosure Statement.

    7.14.2   Any term used in the Plan that is not defined in the Plan, either in Article I (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in (and shall be construed in accordance with the rules of construction under) the Bankruptcy Code or the Bankruptcy Rules. Without limiting the foregoing, the rules of construction set forth in §102 of the Bankruptcy Code shall apply to the Plan, unless superseded herein. The definitions and rules of construction contained herein do not apply to the Disclosure Statement or to any Exhibits to the Plan except to the extent expressly so stated in the Disclosure Statement or in such Exhibit to the Plan.

    7.14.3   The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan as a whole and not to any particular Article, Section, subsection or clause contained in the Plan, unless the context requires otherwise.

    7.14.4   Unless specified otherwise in a particular reference, all references in the Plan to Articles, Sections and exhibits are references to Articles, Sections and Exhibits of or to the Plan.

    7.14.5   Any reference in the Plan to a contract, document, instrument, release, bylaw, certificate, indenture or other agreement being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions.

    7.14.6   Any reference in the Plan to an existing document or exhibit means such document or exhibit as it may have been amended, restated, modified or supplemented as of the Effective Date.

    7.14.7   In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

    7.14.8   All Exhibits to the Disclosures Statement are incorporated into the Plan and shall be deemed to be included in the Plan, regardless of when filed.

7.14.9 Subject to the provisions of any contract, certificate, bylaws, instrument, release, indenture or other agreement or document entered into in connection with the Plan, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, federal law, including the Bankruptcy Code and Bankruptcy Rules.

7.15 <u>No Admissions</u>. Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be deemed as an admission by the Debtor with respect to any matter set forth herein, including without limitation, any liability on or treatment of any Claim, or the propriety of a Claim's classification.

## ARTICLE VIII
## <u>RESOLUTION OF DISPUTED CLAIMS & RESERVES</u>

8.1 Objections. An objection to either the allowance of a Claim or an amendment to the Debtor's Schedules shall be in writing and filed with the Bankruptcy Court no later than the Effective Date.

8.2 Amendment of Claims. A Claim may be amended prior to the Effective Date only as agreed upon by the Debtor and the holder of such Claim and as approved by the Bankruptcy Court or as otherwise permitted by the Bankruptcy Code and Bankruptcy Rules. After the Effective Date, a Claim may be amended as agreed upon by the Debtor and the holder of the Claim and the Debtor to decrease, but not increase, the face amount thereof.

8.3 <u>Reserve for Disputed Claims</u>. The Disbursing Agent shall reserve from the Plan Distribution Fund, on account of each holder of a Disputed Claim, in Cash, the amount that would otherwise be distributable to such holder were such Disputed Claim an Allowed Claim on the Effective Date (the "<u>Disputed Claims Reserve</u>"). The Cash so

reserved for the holder of such Disputed Claim, to the extent such Disputed Claim is Allowed, shall be distributed as provided in Section 7.4 only after such Disputed Claim becomes a subsequently Allowed Claim. The holder of a subsequently Allowed Claim shall not be entitled to any interest on the Allowed Claim, regardless of when distribution thereon is made to or received by such holder.

8.4     <u>Distributions to Holders of Subsequently Allowed Claims</u>. Unless another date is agreed on by the Debtor and the holder of a particular subsequently Allowed Claim, the Debtor shall, within fourteen (14) days after an order Allowing the formerly Disputed Claim is entered by the Bankruptcy Court, and after such order becomes a Final Order, make such distribution consistent with the terms of the Plan.

8.5     <u>Estimation of Disputed Claims</u>. The Debtor reserves the right to seek an order or orders from the Bankruptcy Court estimating the maximum dollar amount of Allowed and Disputed Claims in each Class of Claims, inclusive of contingent and/or unliquidated Claims, or otherwise determining and fixing the amount of the Disputed Claims Reserve for each Class, and may seek to set the amount of any particular Claim for final allowance purposes pursuant to §§105 and 502(c) of the Bankruptcy Code. This estimate shall be used to calculate and fix distributions to holders of Allowed Claims and the amount of the respective Disputed Claims Reserve. Such a procedure may also be utilized for Administrative Claims, Priority Tax Claims and Priority Claims. In the event the Debtor seeks to estimate such Claims, Disputed Claims Reserves shall be established for each such category of Claims.

**ARTICLE IX**
**EFFECT OF CONFIRMATION, DISCHARGE,**
**SURRENDER AND CANCELLATION OF CLAIMS**

9.1     <u>No Discharge Under the Plan</u>**.** Because the Plan contemplates the liquidation of the Debtor's Property, the Confirmation Order shall not operate as a discharge pursuant to §1141(d)(1) of the Bankruptcy Code.

9.2     <u>Exculpation</u>. Neither the Debtor nor any of its respective trustees, officers, employees, attorneys, advisors, agents, representatives and assigns (the "<u>Released Parties</u>") shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with this chapter 11 case or the Plan except with respect to (a) their obligations under the Plan and any related agreement or (b) for bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts. Notwithstanding any other provision hereof, nothing in Sections 8.2 or 8.3 hereof shall effect a release of any Claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any Claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtor, the Purchaser, or any of their respective trustees, members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns (the "<u>Debtor Released Parties</u>"), nor shall anything in Sections 8.2 or 8.3

hereof enjoin the United States or any state or local authority from bringing any Claim, suit, action or other proceedings against the Debtor Released Parties referred to herein for any liability whatever, including without limitation, any Claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority, nor shall anything in this Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Parties, or (b) limit the liability of the Debtor's Professionals Released pursuant to Rule 1.8(h)(1) of the New York Rules of Professional Conduct.

9.3 <u>Confirmation Injunction</u>. Effective on the Effective Date, all persons or entities who have held, hold or may hold Administrative Claims or Claims against the Debtor are enjoined from taking any of the following actions against or affecting the Debtor or the Property with respect to such Claims or Administrative Claims, except as otherwise set forth in the Plan and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order or other pending appeals of orders of the Bankruptcy Court:

9.3.1 Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor or the assets of the Debtor;

9.3.2 Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the assets of the Debtor;

9.3.3 Creating, perfecting or otherwise enforcing in any manner,

directly or indirectly, any encumbrance of any kind against the Debtor or its assets;

9.3.4    Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, or against the Debtor, the assets of the Debtor; and

9.3.5    Proceeding in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan.

9.4     <u>Exemption from Transfer Taxes</u>.   Pursuant to section 1146(a) of the Bankruptcy Code, neither (i) the issuance, transfer or exchange of any security under, in furtherance of, or in connection with, the Plan, nor (ii) the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by the Plan (including real and personal property), if any, shall be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax.

## ARTICLE X
## <u>EVENTS OF DEFAULT</u>

10.1    An event of default shall occur if the Disbursing Agent shall fail to make any payment when due or shall fail to comply with any other material terms of this Plan, and written notice of same has been provided to the Disbursing Agent and the Bankruptcy Court.

10.2    Following an event of default, if such default has not been cured within ten (10) days thereafter, any holder of a Claim, payment of which is in default, shall have the right to seek relief from the Bankruptcy Court to compel payment or convert or dismiss the case.

## ARTICLE XI
## RETENTION OF JURISDICTION

11.1     The Debtor and such other applicable parties in interest as set forth in this Plan reserve the right, as set forth in this Plan, to institute preference and fraudulent conveyance actions, and object to the allowance of Claims for a period of ninety (90) days after the Effective Date.

11.2     The Bankruptcy Court shall retain jurisdiction of the chapter 11 case:

(a) To determine all controversies relating to or concerning the allowance of Claims upon objection to such Claims by any party in interest;

(b) To determine requests for payment of Administrative and proof of Claims, including any and all Administrative Professional Fee Claims;

(c) To determine and, if necessary, liquidate, any and all Claims arising from the rejection of any executory contracts or unexpired leases;

(d) To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 157 and 1334;

(e) To determine all disputed, contingent or unliquidated Claims;

(f) To determine requests to modify the Plan pursuant to §1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Bankruptcy Code;

(g) To make such orders as are necessary or appropriate to enforce and carry out the provisions of the Plan;

(h) To resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan and the Confirmation Order; and

(i)  To enter a final decree closing the Chapter 11 Case.


Dated: Yorktown, New York
       September 30, 2020

SOUNDVIEW PREPARATORY SCHOOL

By:    */s/ Kelly Fairweather*_____
Kelly Fairweather
Chair of the Board of Trustees


KIRBY AISNER & CURLEY LLP
Attorneys for the Debtor
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500


By: */s/ Erica R. Aisner*            _____
    Erica R. Aisner