UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

SOUNDVIEW PREPARATORY SCHOOL,

                Debtor.

Chapter 11 (Subchapter V)
Case No. 20-22948 (RDD)

---------------------------------------------------------------X

# ORDER CONFIRMING DEBTOR'S SMALL BUSINESS SUBCHAPTER V CHAPTER 11 PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. § 1129

The above-captioned debtor and debtor in possession, Soundview Preparatory School (the "Debtor"), having proposed a Small Business Subchapter V Chapter 11 Plan, dated September 30, 2020 [Docket No. 28] (the "Plan") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and the time for filing acceptances or rejections of the Plan having been fixed and the hearing to consider confirmation of the Plan being scheduled; and a copy of the Plan, Ballots for accepting or rejecting the Plan by those entitled to do so, and a Notice of Hearing[1] and Interests; and upon the Certificate of Balloting, dated November 30, 2020 [Docket No. 40], the Plan having been unanimously accepted by the voting Classes; and, after due notice, there being no objections to confirmation of the Plan; and upon the Declaration of Kelly Fairweather on behalf of the Debtor, dated December 1, 2020 submitted in support of confirmation [Docket No. 43], the record of and representations made at the hearing held by the Court on the Debtor's request for confirmation of the Plan on December 4, 2020 (the "Hearing"), and all of the proceedings herein; and after due deliberation and including for the reasons stated by the Court in its bench ruling at the Hearing,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

---

[1] All capitalized terms in this Order, unless otherwise defined herein, shall have the meanings ascribed to them in the Plan.

1

A.  As shown by the Certificate of Service, dated October 8, 2020 [Docket No. 34], proper, timely, adequate and sufficient notice of the Hearing to all Creditors, Interest holders and parties in interest has been provided in accordance with applicable Federal Rules of Bankruptcy Procedure and no further or other notice of the Hearing or entry of this Order is necessary.

B.  This Court has jurisdiction over this matter and the parties and property affected hereby pursuant to 28 U.S.C. §§ 1334(b) and 157(a)-(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O).

C.  As set forth in the Certificate of Balloting, the Plan has been accepted in writing pursuant to § 1126(c) of the Bankruptcy Code by the two classes of Impaired Creditors (Classes 3 and 4).

D.  The Plan satisfies the requirements of §§ 1122 and 1123 of the Bankruptcy Code and the classification of Claims and Interests is reasonable, proper and not impermissibly discriminatory with respect to each Class of Claims.

E.  The Plan provides for adequate means of its implementation, which includes funding from the Debtor's Plan Distribution Fund on the Effective Date.

F.  The applicable provisions § 1129(a) of Bankruptcy Code have been complied with in the Plan and by the Debtor and its proponent. Without limiting the foregoing:

G.  The Plan has been proposed in good faith and not by any means forbidden by law.

H.  Insofar as the Plan is a liquidating Plan, confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor, and the plan is feasible.

I.  There exists no governmental regulatory commission with jurisdiction over the rates of the Debtor, and therefore § 1129(a)(6) of the Bankruptcy Code is inapplicable.

J.  With respect to each Impaired class of Claims or Interests, each holder of a Claim

or Interest of such Class has either affirmatively accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

K. The identity, qualifications, and affiliations of the persons who are to be directors, officers, voting trustees, if any, of the Debtor after Confirmation of the Plan have been fully disclosed to the extent currently known and ascertainable.

L. The identity and nature of compensation of any insiders that will be employed or retained by the Debtor and their compensation post-Confirmation, if any, have, to the extent currently known and ascertainable, been fully disclosed.

M. The Plan provides that with respect to any Administrative Expense under § 503(b) of the Bankruptcy Code or Claim of a kind specified in § 507(a)(8) of the Bankruptcy Code, the holder of any such Administrative Expense or Claim, if any, will receive payment in full on the Effective Date.

N. There is no other Chapter 11 plan that has been moved for confirmation, and the Plan is the only plan pending before the Court.

**BASED ON THE FOREGOING, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court at the Hearing, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2. The Plan, a copy of which is on file with the Court and has been previously served

upon all of the Debtor's Creditors and other parties in interest, is confirmed pursuant to § 1129(a) of the Bankruptcy Code.

3. The Plan together with all exhibits thereto, this Order, and their respective provisions shall be binding upon the Debtor, all parties in interest, and any and all Creditors holding Claims of any kind, whether secured or unsecured, contingent or non-contingent, unliquidated or liquidated, against the Debtor.

4. The Debtor, by and through its Board of Trustees and/or counsel, as applicable, is authorized and directed to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the members or shareholders of the Debtor. The approvals and authorizations specifically set forth in this Confirmation Order and the Plan are nonexclusive and are not intended to limit the authority of the Debtor or any officer or director thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

5. All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Board of Directors of the Debtor.

6. Nothing contained in the Plan or this Order shall be deemed a waiver of the

Subchapter V Trustee's right to petition the Bankruptcy Court (including, after the closing of this case, to reopen the Debtor's Chapter 11 Case for such purpose) to grant her expanded powers in order to pursue estate causes of action, including, but not limited to, a claim for breach of fiduciary duty, for which the Bankruptcy Court shall retain exclusive jurisdiction. The foregoing provision is in no way a waiver of the right of any party in interest to object to any such relief sought by the Subchapter V Trustee.

7. Sections 5.1 and 7.10 of the Plan shall be deemed amended to provide for any remaining unclaimed Cash balance, regardless of the amount, to be distributed in accordance with Article III of the Plan.

8. Notwithstanding anything contained in Article III of the Plan to the contrary, the Disbursing Agent shall be permitted to effectuate distributions under the Plan in more than one remittance in order to provide for the distribution upon the release of previously reserved funds and/ or unclaimed Cash under the Plan.

9. The preceding two decretal paragraphs do not constitute material modifications of the Plan and, therefore, do not require additional disclosure or re-solicitation under Fed. R. Bankr P. 3019.

10. The post-Confirmation Debtor shall file quarterly post-Confirmation reports and file a request for a final decree closing the Chapter 11 case upon the substantial consummation of the Plan.

11. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

12. This Order is a judgment for purposes of Fed. R. Civ. P. 58 as incorporated by Fed. R. Bankr. P. 9021. The period in which an appeal must be filed shall commence immediately upon

the entry of this Order on the docket of the Chapter 11 Case maintained by the Clerk of the Court.

13. Notwithstanding Fed. R. Bankr P. 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry.

14. This Court hereby retains post-Confirmation jurisdiction pursuant to and for the purposes of §§ 105, 1127 and 1142 of the Bankruptcy Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation, and implementation of the Plan.

Dated: White Plains, New York
     December 7, 2020
                                        /s/Robert D. Drain
                                        HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE